United States District Court
Southern District of Texas
ENTERED

AUG 1 9 1998

Michael N. Milby, Clerk of Court
By Deputy Clerk

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
FILED

AUG 1 4 1998

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | C.A. NO. B-98-71 |
| V. | § | (CR. NO. B-97-1453-M) |
| | § | |
| | § | |
| JUAN HERRERA-SANCHEZ | § | |

Public Defender (Felix Recio, Assistant Federal Public Defender), 700 E. Levee, Suite 202, Brownsville, Texas 78520

United States Attorney (Jody Young, Assistant United States Attorney), 1036 E. Levee, Brownsville, Texas 78520

MEMORANDUM ORDER

Petitioner, JUAN HERRERA-SANCHEZ, has filed his Motion to Vacate Sentence in C.A. B-98-71, pursuant to 28 U.S.C. §2255. Respondent has not filed an answer although properly and duly served, and has defaulted.

After reading the parties' pleadings and reviewing the record of the Court, and considering the issues raised in light of the record and the applicable law, it is the opinion of this Court that Petitioner's Motion to Vacate should be granted. In support of the aforementioned conclusion, this Court files the following findings of fact and conclusions of law.

Findings of Fact

1. The Petitioner was convicted of illegal entry on June 5, 1997.

2. On December 3, 1997, the Petitioner was deported to Mexico.

3. On January 20, 1998, the Petitioner was found in the United States and indicted for illegal re-entry after deportation pursuant to 8 U.S.C. 1326.

4.  On January 28, 1998, the Petitioner pled guilty to the indictment of January 20, 1998 and was set for sentencing on April 13, 1998.

5.  Based on the guilty plea of January 28, 1998 to the indictment alleging illegal re-entry after deportation, the State of Texas filed a Motion to Revoke Probation in the 138th State District Court.

6.  The Petitioner's state court appointed attorney filed a motion challenging the State Court's jurisdiction, on the basis that Petitioner was in fact a juvenile and not an adult.

7.  Petitioner filed a Motion for Continuance in Federal Court and Petitioner's sentencing date was extended to June 15, 1998.

8.  On June 1, 1998, a hearing in the 138th State District Court was held to establish the true name and date of birth of the Petitioner. After a hearing, the Court granted the Petitioner's motion challenging the Court's jurisdiction. The Court found that the Petitioner was a juvenile at the time of his state convictions, and dismissed all previous convictions and judgments on grounds the Court never acquired jurisdiction over the person of the Petitioner.

9.  On June 15, 1998, at a sentencing hearing in cause no. B-98-044, the Petitioner objected to the guideline scores as follows: Petitioner objected to the criminal history points assessed because all of his prior convictions had been dismissed by the State of Texas on grounds that the Court did not have jurisdiction because Petitioner was in fact a juvenile at the time of the convictions. Petitioner provided the Court in his sentencing hearing a certified copy of the State Court's dismissal and his original birth certificate. Both were accepted in evidence without objection.

10. The Court granted the Petitioner's objections to the Presentence Report and did not count any of the previous convictions including cause no. B-97-1453-M.

## Conclusions of Law

1.  To prevail on a claim that a prior conviction is VOID AB INITIO on grounds that Petitioner, was a juvenile at the time of the conviction, it must be shown the Petitioner was in fact a juvenile. Secondly, it must be shown that the prior conviction was not obtained as a result of the procedures for adjudicating juveniles in Federal Court pursuant to 18 U.S.C. 5032.

2.  In the case at bar, it is undisputed that:

    (a)  Petitioner was born November 8, 1979

    (b)  Petitioner's conviction in cause no. B-97-1453-M occurred on June 5, 1997 when Petitioner was not yet eighteen years of age.

    (c)    The United States did not institute proceedings against the Petitioner pursuant to 18 U.S.C. 5032

3. The conviction in cause no. B-97-1453-M was VOID AB INITIO.

IT IS THEREFORE ORDERED that (1) the judgment entered in cause no. B-97-1453-M in the matter of the United States v. Juan Herrera-Sanchez, be <u>vacated</u> and <u>set</u> <u>aside</u>.

Done at Brownsville, Texas, this __14th__ day of August, 1998.

                                      FIDENCIO G. GARZA, JR.
                                      UNITED STATES MAGISTRATE JUDGE